UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID ROSA                                              CIVIL ACTION

VERSUS                                                  NO. 18-4577

GULFCOAST WIRELESS, INC.                                SECTION "R" (2)

## ORDER AND REASONS

Before the Court is the parties' joint motion for approval of a settlement agreement pursuant to 29 U.S.C. § 216(b).[1] Because the Court has determined that the settlement represents a fair and reasonable compromise of the disputed issues, the motion is granted.

## I. BACKGROUND

Plaintiff David Rosa was employed by defendant Gulfcoast Wireless, Inc. as a sales representative and store operations manager from June 2015 to April 2018.[2] On May 2, 2018, plaintiff filed this lawsuit alleging that defendant willfully failed to pay him overtime compensation, in violation of the Fair Labor Standards Act (FLSA).[3] On November 9, 2018, the parties

---

[1] R. Doc. 16.
[2] R. Doc. 1 at 1 ¶ 3, 2 ¶ 12.
[3] *Id.* at 3 ¶ 18.

filed a joint motion for approval of a settlement and to dismiss plaintiff's claims with prejudice.[4]

## II. DISCUSSION

An employee and employer can settle an FLSA claim for back wages if there is "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Court approval of a settlement is necessary even when the FLSA action involves only a single employee plaintiff against his employer. *See, e.g.*, *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793 (M.D. La. Apr. 26, 2010).

The Court finds that the parties' proposed settlement arises from a "bona fide dispute." First, both parties are represented by counsel. The existence of a lawsuit with attorneys representing both parties does not automatically establish the presence of a bona fide dispute. *See Collins v. Sanderson Farms, Inc.*, 658 F. Supp. 2d 714, 720 (E.D. La. 2008). But a

---

4   R. Doc. 16.

lawsuit with attorneys does indicate that the likelihood of a "pressured settlement" is low. *See id.*

Second, the parties have been actively litigating this action prior to reaching a settlement agreement. The parties state that they have each undertaken discovery of plaintiff's time sheets and commission information in order to assess the extent of his damages and the strength of his claim.[5] The parties also engaged in two months of negotiations, including a settlement conference with the Magistrate Judge, and defendant filed an answer to plaintiff's complaint.[6] Defendant asserts eight defenses in its answer, including that plaintiff's complaint is time-barred under the FLSA, and that when adding plaintiff's commissions to his hourly wages, he has actually "earned more than what the FLSA requires."[7] Because the parties have evidently scrutinized plaintiff's complaint, and because defendant has answered the complaint with plausible defenses, the Court finds that a bona fide dispute exists. *Id.* at 723 (finding that employer's defenses suggested there were "legitimate questions over coverage under FLSA," which supported a finding that there was a "bona fide dispute" that "justifie[d] settlement of the plaintiffs' claims").

---

5    R. Doc. 16-1 at 2-3.
6    *Id.* at 3; R. Doc. 10; R. Doc. 14.
7    R. Doc. 10 at 1-2.

The Court also finds that the proposed settlement is "fair and reasonable." Federal Rule of Civil Procedure 23 does not control FLSA actions, but courts often use the analysis applicable to Rule 23 when determining whether a settlement is fair and reasonable. *Id.* at 721-22. Under Rule 23, courts consider six factors:

> (1) [T]he existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members.

*Id.* at 722. While these six factors are more applicable to a collective action under FLSA than an action involving a single plaintiff, the Court will use them to guide its analysis to the extent feasible.

Here, each factor weighs in favor of a finding that the settlement is fair and reasonable. First, there is no evidence of fraud or collusion in the settlement, so the first factor weighs in favor of approving the agreement. *Id.* at 725 ("The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Second, the parties state that although the litigation is not overly complex, any resolution in the district court could result in appeals, which would lengthen the litigation

4

considerably and lead to significant expenses.[8] Third, defendant has asserted its defenses to plaintiff's complaint, and the parties have exchanged plaintiff's time sheets and documentation related to his commissions.[9] Each party has thus been able to assess its opponent's case and the possible extent of damages. The second and third factors therefore also weigh in favor of finding that the settlement agreement is fair and reasonable.

Fourth, both parties state that they are confident in their positions moving forward, but believe settlement is in their best interests. Plaintiff specifically states that while his claims have merit, defendant "has mounted considerable defenses to liability and damages."[10] Plaintiff thus concludes that the settlement amount "reflect[s] a substantial portion of or potentially more than what he could expect to recover if he were to prevail at trial."[11] The Court agrees that plaintiff's complaint appears meritorious, but that defendant's defenses pose a risk for plaintiff if litigation were to continue. This factor therefore also weighs in favor of approving the settlement. *Id.* at 726 (finding the fourth factor weighed in favor of approving settlement when

---

[8] R. Doc. 16-1 at 6.
[9] *Id.* at 7; R. Doc. 10.
[10] R. Doc. 16-1 at 3.
[11] *Id.* at 4.

5

plaintiff's claim was "strong," but plaintiff's counsel was "realistic about the uncertainty inherent in the jury trial and appellate process").

The Court finds that the fifth factor also weighs in favor of approving the settlement. Again, plaintiff represents that the settlement amount is potentially more than the amount he could have received at trial.[12] The Court agrees with plaintiff's conclusion because of defendant's defense that when the commission plaintiff earned during his employment is included, he was actually compensated more than the amount required under the FLSA.[13] The Court also notes that the settlement amount is nearly equal to the total amount plaintiff earned from June 19, 2017 to April 8, 2018—nearly one-third of his entire employment period—when he was promoted to the position of manager of store operations.[14] This supports a finding that the settlement amount is towards the upper end of plaintiff's range of possible recovery if the matter were to go to trial.

Finally, this litigation does not involve a class of plaintiffs, so the sixth factor under Rule 23 is inapplicable. Because the Court finds that all applicable Rule 23 factors weigh in favor of approving the settlement, the Court grants the parties' joint motion.

---

[12] *Id.*
[13] R. Doc. 10 at 2.
[14] R. Doc. 16-1 at 2.

## III. CONCLUSION

For the foregoing reasons, the parties' joint motion is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __3rd__ day of December, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE